

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~XXXXXXXX~~ON
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4847
Re: Whether the tax levied by Article
7047, Section 41a, V.A.C.S., as
amended by Article 12 of House
Bill No. 8, 47th Leg., accrues on
cement purchased from an out-of-
State manufacturer by a Texas
municipality.

In your letter of September 14, 1942, you made the
following inquiry:

"Please tell me if the tax levied by Article
7047, Section 41a, V.A.C.S., as amended by Article 12
of House Bill No. 8 of the Forty-seventh Legislature,
accrues on cement purchased from an out of State manu-
facturer by a Texas municipality. I have in mind the
case of the City of Dallas who purchased cement out of
the State for the reason they cannot obtain it from a
Texas manufacturer.

"Will the City of Dallas be liable for the tax
on cement used that was shipped to them from points
outside of the State?

"I do not know whether or not the City of El Paso
case on Motor Fuel Tax would have any bearing in this
matter."

The statute in question reads in part as follows:

"(a)  Cement Distributors.  There is hereby imposed
a tax of two and one half (2½) cents on the one hundred
(100) pounds, or fractional part thereof, of cement on
every person in this State manufacturing or producing
in and/or importing cement into this State, and who
thereafter distributes, sells or uses; provided, how-
ever, no tax shall be paid except on one sale, dis-
tribution or use.  The person liable for said tax is
hereby defined as a 'distributor,' to be allocated
as hereinafter provided."

In opinion No. 0-4731, this department has construed this statute as levying an occupation tax. Section 1, Article VIII, of our Constitution provides that the Legislature may "impose occupation taxes, both upon natural persons and upon corporations, other than municipal." (Emphasis ours) Therefore, the City of Dallas is not liable for the tax on cement under the facts submitted in your letter.

In the case of State v. City of El Paso, 143 S.W. (2d) 366, the Supreme Court held that the motor fuel tax was not an occupation tax, and made this further distinction: "It follows that the tax here sued for is manifestly a tax on using motor fuel in the operation of motor vehicles on the public highways of this State." Since the cement tax is an occupation tax, the constitutional exemption of municipal corporations from occupation taxes applies.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS


                         By s/Thos. B. Duggan, Jr.
                            Thos. B. Duggan, Jr.
                            Assistant

TBD:AMM:wc

APPROVED OCT 19, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered And Approved In Limited Conference